

# Notice of Service of Process

null / ALL
Transmittal Number: 13814914
Date Processed: 05/20/2015

| | |
|---|---|
| **Primary Contact:** | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02117 |
| **Entity:** | Liberty Mutual Insurance Company<br>Entity ID Number  1765547 |
| **Entity Served:** | Liberty Mutual Insurance Company |
| **Title of Action:** | Tommy's Properties, LLC vs. Liberty Mutual Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Hood County District Court, Texas |
| **Case/Reference No:** | C2015096 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 05/20/2015 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | W.A. (Brad) Bradley<br>817-488-8048 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

**EXHIBIT C-1**

THE STATE OF TEXAS

TO: LIBERTY MUTUAL INSURANCE COMPANY
REGISTERED AGENT, CORPORATION SERVICE COMPANY
211 EAST 7TH ST., STE 620
AUSTIN, TX 78701-3218

YOU ARE HEREBY COMMANDED TO APPEAR BY FILING A WRITTEN ANSWER TO THE PLAINTIFF'S ORIGINAL PETITION WITH THE DISTRICT CLERK, WHO IS THE CLERK FOR THE 355TH JUDICIAL DISTRICT COURT IN AND FOR HOOD COUNTY, LOCATED IN THE HOOD COUNTY JUSTICE CENTER, 1200 W. PEARL ST., CITY OF GRANBURY, TEXAS.

NOTICE: YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.

THIS SUIT IS NUMBERED C2015096, AND WAS FILED IN THE 355TH JUDICIAL DISTRICT COURT ON 05/15/2015 AND IS STYLED:

TOMMY'S PROPERTIES, LLC        PLAINTIFF

VS.

LIBERTY MUTUAL INSURANCE COMPANY, AMERICAN ECONOMY        DEFENDANT'S
INSURANCE COMPANY AND AMERICAN STATES INSURANCE COMPANY

WHO ARE THE PARTIES IN THIS SUIT, AND THE NATURE OF THE SUIT IS SHOWN IN THE COPY OF THE PLAINTIFF'S PETITION, ATTACHED HERETO.

NAME & ADDRESS OF PLANTIFF'S ATTORNEY
WARREN A (BRAD) BRADLEY
1256 MAIN ST., STE. 252
SOUTHLAKE, TX 76092

WITNESS: TONNA TRUMBLE HITT
CLERK OF THE DISTRICT COURT,
HOOD COUNTY, TEXAS.
ISSUED AND GIVEN UNDER MY HAND
AND SEAL OF SAID COURT, AT
OFFICE IN GRANBURY, TEXAS, THIS
MAY 15, 2015

TONNA TRUMBLE HITT
DISTRICT CLERK
HOOD COUNTY JUSTICE CENTER, 1200 W. PEARL ST.
GRANBURY, TEXAS 76048        BY: _Sharon K. Silva_ DEPUTY

********************************************************************************

OFFICER'S OR AUTHORIZED PERSON'S RETURN

RECEIVED THIS CITATION ON THE _____ DAY OF _____, 2015, AT _____ O'CLOCK ___.M. AND EXECUTED AT _____ WITHIN THE COUNTY OF _____, STATE OF _____ ON THE ____ DAY OF _____, 2015 AT _____ O'CLOCK _____.M. BY DELIVERING TO TH WITHIN NAMED_____ A TRUE COPY THIS CITATION TOGETHER WITH THE ACCOMPANYING COPY OF THE PLANTIFFS PETITION, HAVING FIRST ENDORSED ON SAME THE DATE OF DELIVERY. THE METHOD OF SERVICE WAS _____ THE UNDERSIGNED UPON OATH SAYS THAT HE/SHE IS A DISINTERESTED PERSON AND THAT HE/SHE IS OVER THE AGE OF 18 YEARS.
FEE $_____

_____
SHERIFF/CONSTABLE/AUTHORIZED PERSON
_____ COUNTY, TEXAS
BY_____DEPUTY

(MUST BE VERIFIED IF SERVED OUTSIDE THE STATE OF TEXAS OR SERVED BY A PERSON AUTHORIZED BY THE COURT.)
STATE OF _____ COUNTY OF _____ SIGNED AND SWORN TO BY THE SAID _____ BEFORE ME ON THIS THE _____ DAY OF _____, 2015.

NOTARY PUBLIC_____
COMMISSION EXPIRES : _____
(SEAL)        PRINTED NAME _____

No. C2015096

| | | |
|---|---|---|
| TOMMY'S PROPERTIES, LLC | § | IN THE JUDICIAL DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| V. | § | 355TH DISTRICT COURT |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY, AMERICAN ECONOMY | § | |
| INSURANCE COMPANY, AND AMERICAN | § | |
| STATES INSURANCE COMPANY, | § | |
| DEFENDANTS | § | HOOD COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, TOMMY'S PROPERTIES, LLC, files this Plaintiff's Original Petition complaining of LIBERTY MUTUAL INSURANCE COMPANY, AMERICAN ECONOMY INSURANCE COMPANY, and AMERICAN STATES INSURANCE COMPANY for cause of action would respectfully show unto the Court and Jury the following:

### I. PARTIES AND SERVICE

a. Discovery is intended to be conducted under Level Two of TRCP 190.

b. Plaintiff is a corporation operating and incorporated under the laws of the State of Texas.

c. LIBERTY MUTUAL INSURANCE COMPANY is a domestic licensed insurance company authorized to engage in the insurance business in the State of Texas and may be served through its registered agent for service, Corporation Service Company, 211 East 7th St., Ste. 620, Austin, TX 78701-3218.

d. AMERICAN ECONOMY INSURANCE COMPANY is a domestic licensed insurance company authorized to engage in the insurance business in the State of Texas and may be served through its registered agent for service, Corporation Service Company, 211 East 7th St., Ste. 620, Austin, TX 78701-3218.

e. AMERICAN STATES INSURANCE COMPANY is a domestic licensed insurance company authorized to engage in the insurance business in the State of Texas and may be served through its registered agent for. service, Corporation Service Company, 211 East 7th St., Ste. 620, Austin, TX 78701-3218.

LIBERTY MUTUAL INSURANCE COMPANY, AMERICAN ECONOMY INSURANCE COMPANY, and AMERICAN STATES INSURANCE COMPANY are hereinafter collectively referred to as "Defendant".

## II. JURISDICTION AND VENUE

The Court has jurisdiction over this matter because the amount in controversy is within the jurisdictional limits of the Court. The Court has venue over Defendants because all or a substantial part of events giving rise to the claim took place in Hood County, Texas.

## III. REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are hereby requested to disclose, to Plaintiff, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(l).

## IV. BACKGROUND FACTS

Plaintiff leases convenience store locations to operating companies throughout the State of Texas. On or about May 15, 2013, several of Plaintiff's properties, in a multi-county area of north central Texas, were damaged by a severe weather system which included but was not limited to, strong straight line and/or tornadic winds, violent rain and large hail stones. The said properties include: Tommy's #1, 2401 Dalworth, Grand Prarie, Texas; Tommy's #2, 321 S. Morgan St., Granbury, Texas; Tommy's #3, 1751 W. Hwy. 377, Granbury, Texas; Tommy's #4, 3600 Contrary Creek Rd., Granbury, Texas; Tommy's #5, 4220 Rhea Road, Granbury, Texas; Tommy's #6, 3145 Fall Creek Hwy., Granbury, Texas; Tommy's #7, 1701 Morgan St., Granbury, Texas; Tommy's #8, 1901 Hwy. 180 W, Granbury, Texas; Tommy's #9, 2501 N. Oak St., Mineral Wells, Texas; Tommy's #10, 101 SE 25th St., Mineral Wells, Texas; Tommy's #11, 3601 Marlin, Waco, Texas; Tommy's #12, 5028 N. 19th St., Waco, Texas; Tommy's #13, 413 Frontage, Lorena, Texas; Tommy's #14, 4020 Jack Kultigen Exp., Waco, Texas; Tommy's #15, 3593 Hwy. 302, Marlin, Texas; Tommy's #16, 7424 Fall Creek Hwy., Granbury, Texas; Tommy's #17, 4766 FM 1195, Mineral Wells, Texas; Tommy's #18, 901-903 E. Hwy. 377 E, Granbury,

Texas; Tommy's #19, 302 N. Oak Ave., Mineral Wells, Texas; Tommy's #20, 3400 Mamrino Hwy., Granbury, Texas; Tommy's #21, 13901 Hwy. 377 S, Fort Worth, Texas; Tommy's #22, 114 S. Ave. C, Blum, Texas; Tommy's #23, 700 W. Broadway, Newcastle, Texas; Tommy's #24, 1721 Hwy. 157 N, Mansfiled, Texas; Tommy's #25, 132 Houston St., Granbury, Texas; Tommy's #26, 926 Elm St., Graham, Texas; Tommy's #27, 100 N. Crocket St., Granbury, Texas; and Tommy's #28, 100 NW Front St., Millsap, Texas. The loss resulted in a claim filed on or about May 21, 2013, with Defendant for damages to Plaintiff's aforesaid properties pursuant to the insurance policy.

At the time of the loss, the aforesaid properties were all insured by a policy of insurance issued Liberty Mutual and serviced and underwritten by American Economy Insurance Company. The policy number is believed to be 02CE227678. All premium payments required to be paid for the policy were paid and the policy was in full force and effect without lapse during the applicable period. The policy insured Plaintiff's business against all risks of damage and physical loss caused by wind, rain and hail. All lawful terms of the insurance policy are plead and incorporated by reference.

Defendant's agent, James Reed with Higginbotham and Associates sent an adjustor who represented the total loss payable for all locations totaled only approximately $20,000.00. Plaintiff rejected this outright.

The structural and cosmetic damages to Plaintiff's properties include, without limitation: interior water damage, damage to roofs, canopies, signage, and HVAC systems. Plaintiff secured the services of Quick Roofing, 100 E, Broadway Street, Kennedale, TX to provide it with an estimated cost of repairs. The estimated cost of repair of the damaged property exceeds $1,953,000.00.

Plaintiff promptly reported the loss and filed a claim with the Defendants. The claim number assigned by Defendant is 234925925039. Defendant did not demand or request Plaintiff to prepare and file a Sworn Proof of Loss nor additional items, statements, and forms that Defendant believed would be required with 15 or 30 days.

After Plaintiff submitted repair estimates Defendant hired Nelson Architectural Engineers to evaluate roofs, exteriors, and interiors of the structures to determine the extent of the damage to each structure caused by hail on or around the reported date of loss. On information and belief, Defendant hired Nelson because it knew Nelson would issue a report favorable to Defendant. The report could then be relied upon to justify Defendant's underpayment or non-payment of some or all of this claim.

Nelson inspected the properties and conducted testing using unreliable and subjective methodology which renders the report questionable. True to form, Nelson determined that Plaintiff's damages were four times less than claimed by Plaintiff.

In addition to utilizing this report, Defendants represented that prior loss payments in prior years authorized it to reduce further the net sum recoverable by Plaintiff under this claim when Defendant knew or should have known some or all of said previous repairs were unrelated to this claim.

Further, after Defendant received the undervalued estimate from Nelson in January 2014 and made other credits and offsets it claimed and represented were authorized under the policy, Defendant, finally in June 2014, made its first actual tender of payment to Plaintiff issuing three (3) checks in the amounts of $9,080.00, $540.60, $81,292.40. Plaintiff would show that said action represents a delay in payment of claim pursuant to Tex. Ins. Code 542.058.

Plaintiff disagreed with the inadequate estimate, adjustment and tendered late payment that had been issued and made demand for reevaluation restated its claim of damages to its properties.

On or about April 5, 2105 Defendant sent Plaintiff a letter invoking the appraisal provision contained in the Dependent's policy in the "Optimum Property – Building and Contents Coverage Form" (CP 74 30 03/08) which is modified by the endorsement entitled "Texas Changes" (CP 92 11 03/08). Plaintiff further informed Defendants that, pursuant to the policy's "Texas Changes" endorsement (CP 92 11 03/08) is was requiring that Plaintiff submit a sworn

proof of loss statement within ninety-one (91) days of its request.

Plaintiff would show Defendant waived, due to delay which prejudiced Plaintiff, to now demand the requirement of a Proof of Loss. Defendant violated Tex. Ins. Code § 542.055(a). Defendant further has waived the right to demand the "Appraisal" terms of the policy due to this delay.

Defendant failed to and refused to fully pay Plaintiff's covered claim. Defendant's conduct has necessitated filing of this suit.

### V. PLAINTIFF'S CAUSES OF ACTION AGAINST LIBERTY
#### A. Breach of Contract

Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Plaintiff would show that the insurance policy which she purchased from Defendant was in full force and effect at the time of this loss. Among the perils that the policy insures against is damage caused by wind and hail. The policy provides that if such a loss occurs due to an insured peril, as involved in this case, the insurance carrier will pay the insured the cost of repair or replacement of the damage to the like kind and quality.

Plaintiff would show that it timely submitted a claim to Defendant for payment of the claim. Notice of claim was given to Defendant in accordance with the terms of the policy and Defendant accepted Plaintiffs notice of claim for damages and acknowledged same in writing. Defendant processed the claim, but has refused and failed to fully pay the claim according to its obligations under the contract of insurance, and by failing has breached the contract.

#### B. Common Law Cause of Action

Plaintiff re-asserts and incorporate by reference all the facts and allegations set forth above. Defendant breached the duty of good faith and fair dealing by unreasonably failing to pay Plaintiff's benefits and by failing to conduct an adequate and reasonable investigation. Defendant's basis for failing to pay Plaintiff's benefits promptly was unreasonable, and

Defendant knew or should have known that its basis for such failure was unreasonable. Defendant also failed to comply with the duty of good faith and fair dealing by delaying and denying Plaintiff's claim for benefits when it knew or should have known that it was reasonably clear that the claim was covered. Such failure to comply with the duty of good faith and fair dealing was a proximate cause of the damage to Plaintiff for which this suit is brought.

### C. Deceptive Trade Practices Act Violations

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the provisions of the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant. By its acts, omissions, failures and conduct that are described in this petition, Defendant violated Sections 17.46 of the DTPA. In this respect, these violations include, without limitation, (1) unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) failing to give Plaintiff the benefit of the doubt and (3) failing to pay for the proper repair of Plaintiff's property when liability had become reasonably clear. Specifically, Defendant violated the DTPA in the following respects:

1. Defendant failed to request all items, statements, and forms that the Defendant reasonable believed, at that time, will be required, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

2. Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

3. Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

4. Defendants represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) if the DTPA;

5. Defendant represented it would pay to repair the damages caused by wind and hail. Its failure to pay the claim constitutes a violation of Sections 17.46 (b)(5), (7) and (12) of the DTPA;

6. Defendant breached an express warranty that the damage caused by wind and hail would be covered under the insurance policy at issue. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and 17.50 (a)(2) of the DTPA;

7. Defendant engaged in an unconscionable action in that it took advantage of Plaintiff's lack of knowledge, ability and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

8. Defendant's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions and failures of Defendant's were relied upon by Plaintiff to its detriment and were a proximate and producing cause of Plaintiff's damages. Plaintiff seeks damages for such conduct as described in this petition.

### D. Texas Insurance Code Violations

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the provisions of the Texas Insurance Code. Plaintiff has met all conditions precedent to bringing this cause of action against Defendants. By its acts, omissions, failures and conduct, Defendant has engaged in unfair methods of competition and unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051 and 541.060 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this Petition plus Defendant's unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim and Defendant's failure to pay for the proper repair of Plaintiff's property when liability was reasonably clear. Specifically, Defendant is guilty of the following unfair insurance practices, including but not limited to:

1. Defendant engaged in false, misleading and deceptive acts or practices in the business of insurance in this case;

2. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 542.055 of the Texas Insurance Code

by failing to timely request from Plaintiff all items, statements, and forms that the insurer reasonably believed at the time would be required from the claimant.

3. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 **(1)** of the Texas Insurance Code by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

4. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 542.058 of the Texas Insurance Code by failing to timely pay or by delaying payment of Plaintiff's claim;

5. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (2) of the Texas Insurance Code by failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

6. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (3) of the Texas Insurance Code by failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

7. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and in Section 541.060 (4) of the Texas Insurance Code by failing within a reasonable time to affirm or deny coverage of a claim to a policyholder; or submit a reservation of rights to a policyholder;

8. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (7) of the Texas Insurance Code by refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

9. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.061 (I) of the Texas Insurance Code by misrepresenting the insurance policy by making an untrue statement of material fact;

10. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.061 (3) of the Texas Insurance Code by misrepresenting the insurance policy by failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

11. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.061 (3) of the

Texas Insurance Code by misrepresenting the insurance policy by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact; and

12. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.061 (5) of the Texas Insurance Code by failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

All of the above-described acts, omissions and failures of Defendant were relied upon by Plaintiff to its detriment and were a proximate and producing cause of Plaintiff's damages. Plaintiff seeks damages for such conduct as described in this petition.

## VI. VIOLATION OF PROMPT PAYMENT OF CLAIMS ACT

Plaintiff would show that Defendant violated provisions of the Prompt Payment of Claims Act, Section 542.051, Subchapter B of the Texas Insurance Code, by failing to properly and timely investigate and pay Plaintiffs claim. Accordingly, Plaintiff is entitled to the relief set forth in Section 542.060 of the act.

## VII. DAMAGES

The above described acts, omissions, failures and conduct of Defendant caused Plaintiff's damages which include, without limitation, and the cost to properly and fully repair its property. Plaintiff is entitled to recover the amount of the claim plus an 18% per annum penalty on the claim against Defendant as damages under the Prompt Payment of Claims Act, as well as all reasonable and necessary attorneys' fees. All the damages described in this petition are within the jurisdictional limits of the Court.

## VIII. ADDITIONAL DAMAGES

Defendant knowingly and intentionally committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of its conduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(l) of the DTPA. Plaintiff is further entitled to the additional damages that are authorized by the Texas Insurance Code.

## IX. EXEMPLARY DAMAGES

Defendant's actions were committed knowingly and intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant constitutes the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## X. ATTORNEY'S FEES

Plaintiff has engaged the services of the below-signed attorneys. Plaintiff seeks attorneys' fees for the prosecution of this suit pursuant to Sec. 17.50(d) of the TEXAS BUSINESS AND COMMERCE CODE, Sec. 542.062 and 542.051, Subchapter B of the Texas Insurance Code and Sec. 38.001 of the Texas Civil Practice & Remedies Code.

## XI. JURY DEMAND

Plaintiff respectfully requests that this case be tried before a jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer, and that upon final jury trial, that Plaintiff be awarded damages as set forth above and which are in the sum in excess of the minimum jurisdiction of this Court, costs of Court, reasonable attorney's fees for the trial and any subsequent appeal of this case, pre-judgment interest, post-judgment interest, those damages authorized by the TEXAS INSURANCE CODE and the TEXAS BUSINESS AND COMMERCE CODE, damages for mental anguish, and for such other and further relief, both at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

BRADLEY LUCE BRADLEY, LLP
1256 Main Street, Suite 244
Southlake, Texas 76092
Tel: (817) 488.8048
Fax: (817) 481.5230

By: _____
W.A. (BRAD) BRADLEY
State Bar No. 02831500
Email: bbradley@bradleyluce.com
Buddy Luce
State Bar No. 12665500
buddyluce@gmail.com
Attorney for Petitioner

By: _____
Buddy Luce
State Bar No. 12665500
buddyluce@gmail.com
Attorney for Petitioner

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: __C2015096__   COURT *(FOR CLERK USE ONLY)*: __355TH__

STYLED __Tommy's Properties v. Liberty Mutual Insurance Company, et al__
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

## 1. Contact information for person completing case information sheet:

**Name:** W.A. (Brad) Bradley
**Email:** bbradley@bradley.law.com
**Address:** 1256 Main Street, Suite 252
**Telephone:** 817/488.8048
**City/State/Zip:** Southlake, Texas 76092
**Fax:** 817/481-5230
**Signature:** [signed]
**State Bar No:** 02831500

## Names of parties in case:

**Plaintiff(s)/Petitioner(s):** Tommy's Properties

**Defendant(s)/Respondent(s):**
Liberty Mutual Ins. Co.
American Economy Ins. Co.
American States Ins. Co.

[Attach additional page as necessary to list all parties]

## Person or entity completing sheet is:
☒ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other: _____

**Additional Parties in Child Support Case:**
Custodial Parent: _____
Non-Custodial Parent: _____
Presumed Father: _____

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract — Debt/Contract**
☒ Consumer/DTPA
☐ Debt/Contract
☐ Fraud/Misrepresentation
☐ Other Debt/Contract: _____

**Foreclosure**
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☒ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract: _____

**Injury or Damage**
☐ Assault/Battery
☐ Construction
☐ Defamation
*Malpractice*
☐ Accounting
☐ Legal
☐ Medical
☐ Other Professional Liability:
☐ Motor Vehicle Accident
☐ Premises
*Product Liability*
☐ Asbestos/Silica
☐ Other Product Liability
List Product: _____
☐ Other Injury or Damage:

**Real Property**
☐ Eminent Domain/Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property: _____

**Related to Criminal Matters**
☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus— Pre-indictment
☐ Other: _____

**Employment**
☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment: _____

**Other Civil**
☐ Administrative Appeal
☐ Antitrust/Unfair Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property
☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other: _____

### Family Law

**Marriage Relationship**
☐ Annulment
☐ Declare Marriage Void
*Divorce*
☐ With Children
☐ No Children

**Other Family Law**
☐ Enforce Foreign Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities of Minority
☐ Other: _____

**Post-judgment Actions (non-Title IV-D)**
☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

**Title IV-D**
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

**Parent-Child Relationship**
☐ Adoption/Adoption with Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental Rights
☐ Other Parent-Child:

### Tax
☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

### Probate & Mental Health
*Probate/Wills/Intestate Administration*
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings

☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other: _____

## 3. Indicate procedure or remedy, if applicable (may select more than 1):
☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action
☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment
☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

DISTRICT CLERK
TONNA TRUMBLE HITT
HOOD COUNTY JUSTICE CENTER
1200 WEST PEARL
GRANBURY, TX 76048

C2015096 Civil

7013 3020 0000 1204 8609

LIBERTY MUTUAL INSURANCE CO.
REG. AGT., CORPORATION SERVICE CO.
211 EAST 7TH ST., STE. 620
AUSTIN, TX 78701-3218