UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TOMMY'S PROPERTIES, LLC <br> PLAINTIFF | § § § | |
| V. | § § | NO. 4:15-CV-450-A |
| LIBERTY MUTUAL INSURANCE <br> COMPANY, ET AL., <br> DEFENDANTS | § § § § | |

**COUNSEL:** WARREN (BRAD) BRADLEY and STEPHEN (BUDDY) LUCE, BRADLEY LUCE BRADLEY, LLP, 1256 Main St., Ste. 244, Southlake, TX 76092, 817.488.8048, Attorney for Plaintiff, TOMMY'S PROPERTIES, LLC.

## AMENDED COMPLAINT AND JURY DEMAND

**CIVIL ACTION**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, TOMMY'S PROPERTIES, LLC., and files it's Complaint and Jury Demand as follows.

**I. JURISDICTION AND VENUE**

1. This action was initially filed in state court. Defendants removed this cause based on allegations that jurisdiction is proper under 28 U.S.C. 1332(a) as well as this Court's supplemental/pendent jurisdiction. Defendants allege venue is proper in this Court pursuant to 28 U.S.C. §1331.

**II. PARTIES AND SERVICE**

2. Plaintiff, TOMMY'S PROPERTIES, LLC, is a corporation operating and incorporated under the laws of the State of Texas.

3. LIBERTY MUTUAL INSURANCE COMPANY is a foreign insurance company authorized to do and/or doing business in the State of Texas and subject to the jurisdiction of the Honorable Court, and at all times pertinent herein was the property damage insurer of TOMMY'S PROPERTIES, LLC for the properties located below.

4. AMERICAN ECONOMY INSURANCE COMPANY is a foreign insurance company authorized to engage in the insurance business in the State of Texas and subject to the jurisdiction of the Honorable Court, and at all times pertinent herein was the property damage

insurer of TOMMY'S PROPERTIES, LLC for the properties located below.

5. AMERICAN STATES INSURANCE COMPANY is a foreign insurance company authorized to engage in the insurance business in the State of Texas and subject to the jurisdiction of the Honorable Court, and at all times pertinent herein was the property damage insurer of TOMMY'S PROPERTIES, LLC for the properties located below.

6. LIBERTY MUTUAL INSURANCE COMPANY, AMERICAN ECONOMY INSURANCE COMPANY, and AMERICAN STATES INSURANCE COMPANY are hereinafter collectively referred to as "Defendant".

## III.  FACTUAL BACKGROUND

7. Plaintiff leases convenience store locations to operating companies throughout the State of Texas.

8. On or about May 15, 2013, several of Plaintiff's properties, in a multi-county area of north central Texas, were damaged by a severe weather system which included but was not limited to, strong straight line and/or tornadic winds, violent rain and large hail stones, and which caused damage including water, wind and hail damage to component parts of the following of Plaintiff's properties:

a. Tommy's #1, 2401 Dalworth, Grand Prarie, Texas.

b. Tommy's #2, 321 S. Morgan St., Granbury, Texas.

c. Tommy's #3, 1751 W. Hwy. 377, Granbury, Texas.

d. Tommy's #4, 3600 Contrary Creek Rd., Granbury, Texas.

e. Tommy's #5, 4220 Rhea Road, Granbury, Texas.

f. Tommy's #6, 3145 Fall Creek Hwy., Granbury, Texas.

g. Tommy's #7, 1701 Morgan St., Granbury, Texas.

h. Tommy's #8, 1901 Hwy. 180 W, Granbury, Texas.

i. Tommy's #9, 2501 N. Oak St., Mineral Wells, Texas.

j. Tommy's #10, 101 SE 25th St., Mineral Wells, Texas.

k. Tommy's #11, 3601 Marlin, Waco, Texas .

l.  Tommy's #12, 5028 N. 19th St., Waco, Texas.

m.  Tommy's #13, 413 Frontage, Lorena, Texas.

n.  Tommy's #14, 4020 Jack Kultigen Exp., Waco, Texas.

o.  Tommy's #15, 3593 Hwy. 320, Marlin, Texas.

p.  Tommy's #16, 7424 Fall Creek Hwy., Granbury, Texas.

q.  Tommy's #17, 4766 FM 1195, Mineral Wells, Texas.

r.  Tommy's #18, 901-903 E. Hwy. 377 E, Granbury, Texas.

s.  Tommy's #19, 902 N. Oak Ave., Mineral Wells, Texas.

t.  Tommy's #20, 3400 Mamrino Hwy., Granbury, Texas.

u.  Tommy's #21, 13901 Hwy. 377 S, Fort Worth, Texas.

v.  Tommy's #22, 114 S. Ave. C, Blum, Texas.

w.  Tommy's #23, 700 W. Broadway, Newcastle, Texas.

x.  Tommy's #24, 1721 Hwy. 157 N, Mansfiled, Texas.

y.  Tommy's #25, 132 Houston St., Granbury, Texas.

z.  Tommy's #26, 926 Elm St., Graham, Texas.

aa. Tommy's #27, 100 N. Crocket St., Granbury, Texas.

bb. Tommy's #28, 100 NW Front St., Millsap, Texas.

9.  At the time of the loss, the aforesaid properties were all insured by a policy of insurance issued Liberty Mutual and serviced and underwritten by American Economy Insurance Company and American States Insurance Company, and they are bound by the policy provisions and statutory obligations. The policy number is 02CE227678. All premium payments required to be paid for the policy were paid and the policy was in full force and effect without lapse during the applicable period. The policy insured Plaintiff's business against all risks of damage and physical loss caused by wind, rain and hail and specifically the extreme weather events on the date of loss.

10. All lawful terms of the insurance policy are plead and incorporated by reference including

but not limited to: a) paragraph D 1 a (3) of the "Texas Changes" endorsement (CP 92 11 03/08) to the policy of insurance between the parties which requires that " a. within 15 days after Defendant receives a written notice of claim, we (Defendant) will: (3) request a signed, sworn proof of loss specify the information you must provide and supply you (Plaintiff) with the necessary forms. Defendant acknowledged receipt of claim and began an investigation as per D 1 a(1) and (2), but wholly failed to request a signed Sworn Proof of Loss.

11. The loss resulted in a written claim filed on or about May 21, 2013, with Defendant for damages to Plaintiff's aforesaid properties pursuant to the insurance policy. A claim number was assigned by Defendant of 234925925039.

12. After receiving written notice of claim, Defendant made no demand nor did it request Plaintiff prepare and file a Sworn Proof of Loss within 15 days pursuant to policy nor provide additional items, statements, and forms that Defendant believed would be required to evaluate the claim (Tex. Ins. Code Sec. 542.055) within 15 or 30 days.

13. Defendant's agent, James Reed with Higginbotham and Associates sent an unknown adjustor who set the total loss payable for all locations at only approximately $20,000.00. Plaintiff rejected this offer outright.

14. The structural and cosmetic damages to Plaintiff's properties include, without limitation: interior water damage, damage to roofs, canopies, signage, and HVAC systems. Plaintiff secured the services of Quick Roofing, 100 E. Broadway Street, Kennedale, TX to provide Defendant with an estimated cost of repairs on October 15, 2013. The estimated cost to repair the damaged property exceeded $1,953,000.00.

15. After Plaintiff submitted repair estimates, Defendant hired Nelson Architectural Engineers to evaluate roofs, exteriors, and interiors of the structures to determine the extent of the damage to each structure caused by hail on or around the reported date of loss. On information and belief, Defendant hired Nelson because it either knew Nelson would issue a report favorable to Defendant or that Nelson would use standards inconsistent with the policy and adjusting standards. The report could then be relied upon to justify Defendant's underpayment or non-payment of some or all of this claim.

16. Nelson inspected the properties and conducted testing using unreliable and subjective methodology which renders the report questionable. The Nelson report was then utilized by Interstate Consulting to further value Plaintiff's loss. True to form, Nelson and Interstate determined that Plaintiff's damages were four times less than claimed by Plaintiff.

17. In addition, Defendants represented in writing that prior loss payments in prior years authorized it to reduce further the net sum recoverable by Plaintiff under this claim when Defendant knew or should have known some or all of said previous repairs had been made or were unrelated to this claim.

18. Further, after Defendant received the undervalued estimate in January 2014 and made other

credits and offsets it claimed were authorized under the policy, Defendant, finally in June 2014, made its first actual admission of the amount it claimed Plaintiff was due of $90,913.00 for covered losses of this claim. Defendant issued three (3) checks in the amounts of $9,080.00, $540.60, $81,292.40. Plaintiff would show that said action represents a delay in prompt payment of claim in violation of Tex. Ins. Code 542.057 and 542.058.

19. Plaintiff disagreed with the inadequate estimate, adjustment and tendered late payment that had been issued and made demand for reevaluation restating its claim of damages to its properties.

20. On or about April 5, 2105 Defendant sent Plaintiff a letter invoking the appraisal provision contained in the Dependent's policy in the "Optimum Property – Building and Contents Coverage Form" (CP 74 30 03/08) which is modified by the endorsement entitled "Texas Changes" (CP 92 11 03/08).

21. Defendant further informed Plaintiff's that, pursuant to the policy's "Texas Changes" endorsement (CP 92 11 03/08) it was requesting that Plaintiff submit a sworn proof of loss statement within ninety-one (91) days of its request. Plaintiff would show this first request for a Sworn Proof of Loss was made only 40 days before the two year limitation period in the policy expired. This late request is in bad faith and to veil its delays in handling and paying this claim.

22. Plaintiff would show Defendant waived, due to its intentional delay, which prejudiced Plaintiff, its right to a Sworn Proof of Loss. Alternatively, Defendants are estopped from demanding a Sworn proof of Loss. Defendant's actions violated its policy and Tex. Ins. Code §542.055(a) (1) through (3).

23. Defendant further has waived the right to demand the "Appraisal" terms of the policy due to this delay. However, Plaintiff has voluntarily participated in the Appraisal process and each parties' appraisers appear to be on verge of agreeing that additional amounts are owed in a yet to be fully determined amount.

24. Defendant failed to and refused to fully and timely pay Plaintiff's covered claim. Defendant's conduct has necessitated filing of this suit.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION: Breach of Contract

25. Plaintiff re-alleges and re-avers each and every allegation contained in paragraphs 7 through 24, as if delineated in extenso.

26. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant.

27. Plaintiff would show that the insurance policy which it purchased from Defendant was in full force and effect at the time of this loss.

28. Among the perils that the policy insures against is damage caused by wind and hail. The policy provides that if such a loss occurs due to an insured peril, as involved in this case, the insurance carrier will pay the insured the cost of repair or replacement of the damage to the like kind and quality.

29. Plaintiff would show that it timely submitted a claim to Defendant for payment of the claim. Notice of claim was given to Defendant in accordance with the terms of the policy and Defendant accepted Plaintiffs written notice of claim for damages and acknowledged same in writing.

30. Defendant intentionally or knowingly breached its policy by failing to request a signed Sworn Proof of Loss as set forth in paragraph 10. Defendant investigated and processed the claim, but has refused and failed to fully pay the claim according to its obligations under the contract of insurance, and by failing has breached the contract.

31. Defendant breached its contract of insurance with Plaintiff in that: (1) a contract existed between the parties; (2) the contract created duties; (3) the defendant breached a material duty under the contract; and (4) the plaintiff sustained damages. *Myers v. Hall Columbus Lender, LLC*, 437 S.W.3d 632, 635 (Tex. App.—Dallas 2014, no pet.). The contractual obligations breached by Defendants include matters set forth in paragraph number 9 and the following:

   a. failing to promptly and reasonable adjust the claim consistent with insurance adjusting standards;

   b. failing to properly train and/or instruct its adjuster and/or agents;

   c. failing to provide uniform and/or standard guidelines and/or materials to adjuster and/or agents to properly evaluate claims;

   d. failing to take into account increases in the cost of labor, materials and/or replacement cost and adjusting claims for these increased costs;

   e. failing to timely provide sufficient funds for the repairs and re-placement of the subject properties;

   f. failing to provide any reasonable basis for denying payment on this claim now months following the incident; and

   g. any other acts of omissions that will establish bad faith, breach of contract and/or negligence which will be proven at the trial on the merits.

**SECOND CAUSE OF ACTION: Common Law Cause of Action**

32. Plaintiff re-alleges and re-avers each and every allegation contained in paragraphs 7 through 24,

Amended Complaint and Jury Demand - Tommy's Properties, LLC       Page 6

as if delineated in extenso.

33. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant.

34. Defendant breached the duty of good faith and fair dealing by unreasonably failing to pay Plaintiff's benefits and by failing to conduct an adequate and reasonable investigation.

35. Defendant's basis for failing to pay Plaintiff's benefits promptly was unreasonable, and Defendant knew or should have known that its basis for such failure was unreasonable.

36. Defendant also failed to comply with the duty of good faith and fair dealing by delaying and denying Plaintiff's claim for benefits when it knew or should have known that it was reasonably clear that the claim was covered. Such failure to comply with the duty of good faith and fair dealing was a proximate cause of the damage to Plaintiff for which this suit is brought.

**THIRD CAUSE OF ACTION: Deceptive Trade Practices Act Violations**

37. Plaintiff re-alleges and re-avers each and every allegation contained in paragraphs 7 through 24, as if delineated in extenso.

38. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant.

39. By its acts, omissions, failures and conduct that are described in this petition, Defendant violated Sections 17.46 of the DTPA. In this respect, these violations include, without limitation, (1) unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) failing to give Plaintiff the benefit of the doubt and (3) failing to pay for the proper repair of Plaintiff's property when liability had become reasonably clear. Specifically, Defendant violated the DTPA in the following respects:

    a. Defendant failed to request all items, statements, and forms that the Defendant reasonable believed, at that time, will be required as per the policy and Tex. Ins Code Sec. 542.055(a) (1) through (3), which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

    b. Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that they did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

    c. Defendant represented to Plaintiff in the insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

    d. Defendants represented to Plaintiff in the insurance policy and Defendant's

adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) if the DTPA;

e. Defendant represented in the policy it would pay to repair the damages caused by wind and hail. Its failure to pay the claim constitutes a violation of Sections 17.46 (b)(5), (7) and (12) of the DTPA;

f. Defendant breached an express warranty that the damage caused by wind and hail would be covered under the insurance policy at issue. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and 17.50 (a)(2) of the DTPA;

g. Defendant's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

40. All of the above-described acts, omissions and failures of Defendant's were relied upon by Plaintiff to its detriment and were a proximate and producing cause of Plaintiff's damages. Plaintiff seeks damages for such conduct as described in this petition.

**FOURTH CAUSE OF ACTION: Texas Insurance Code Violations**

41. Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the provisions of the Texas Insurance Code.

42. Plaintiff has met all conditions precedent to bringing this cause of action against Defendants. By its acts, omissions, failures and conduct, Defendant has engaged in unfair methods of competition and unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051 and 541.060 of the Texas Insurance Code.

43. Such violations include, without limitation, all the conduct described in this Complaint plus Defendant's unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim and Defendant's failure to pay for the proper repair of Plaintiff's property when liability was reasonably clear. Specifically, Defendant is guilty of the following unfair insurance practices, including but not limited to:

a. Defendant engaged in false, misleading and deceptive acts or practices in the business of insurance in this case;

b. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 542.055 of the Texas Insurance Code by failing to timely request from Plaintiff all items, statements, and forms that the insurer reasonably believed at the time would be required from the claimant.

c. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

d. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 542.058 of the Texas Insurance Code by failing to timely pay or by delaying payment of Plaintiff's claim;

e. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (2) of the Texas Insurance Code by failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

f. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (3) of the Texas Insurance Code by failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, or the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

g. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and in Section 541.060 (4) of the Texas Insurance Code by failing within a reasonable time to affirm or deny coverage of a claim to a policyholder; or submit a reservation of rights to a policyholder;

h. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (7) of the Texas Insurance Code by refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

i. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.061(3) of the Texas Insurance Code by failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made; including but not limited to not demanding a sworn proof of loss and all information the Defendant reasonably believed will be required.

j. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.061 (5) of the Texas Insurance Code by failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of

this code.

44. All of the above-described acts, omissions and failures of Defendant were relied upon by Plaintiff to its detriment and were a proximate and producing cause of Plaintiff's damages. Plaintiff seeks damages for such conduct as described in this petition.

**FIFTH CAUSE OF ACTION: VIOLATION OF PROMPT PAYMENT OF CLAIMS ACT**

45. Plaintiff re-alleges and re-avers each and every allegation contained in paragraphs 7 through 24, as if delineated in extenso.

46. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant.

47. Plaintiff would show that Defendant violated provisions of the Prompt Payment of Claims Act ("TPPCA"), Section 542.051, et seq., Subchapter B of the Texas Insurance Code, by failing to properly and timely investigate and timely pay the full amount of Plaintiffs claim. Accordingly, Plaintiff is entitled to all the relief set forth in Section 542.060 of the act and all reasonable and necessary attorney's fees and costs.

48. Plaintiff performed its end of the bargain and is accordingly now entitled to specific performances of the insurance contract. The Court should therefore require Defendant to specifically perform such agreement.

**SIXTH CAUSE OF ACTION: UNJUST ENRICHMENT**

49. Plaintiff re-alleges and re-avers each and every allegation contained in paragraphs 7 through 24, as if delineated in extenso.

50. Despite realizing substantial premium from Plaintiff, Defendant has withheld the insurance proceeds owed to Plaintiff for the damage to its insured properties.

**V. DAMAGES**

51. The above described acts, omissions, failures and conduct of Defendant caused Plaintiff's damages which include, without limitation, and the cost to properly and fully repair its property. Plaintiff is also entitled to recover the amount of the claim plus an 18% per annum penalty on the claim against Defendant as damages under the Prompt Payment of Claims Act, as well as all reasonable and necessary attorneys' fees. All the damages described in this petition are within the jurisdictional limits of the Court.

**VI. ADDITIONAL DAMAGES**

52. Defendant knowingly and intentionally committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of its conduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the

DTPA. Plaintiff is further entitled to the additional damages that are authorized by the Texas Insurance Code.

## VII. EXEMPLARY DAMAGES

53. Defendant's actions were committed knowingly and intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant constitutes the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## VIII. PRAYER FOR RELIEF

54. WHEREFORE, plaintiff is entitled to full insurance coverage under the Defendant's property damage policy for the damage to the insured properties caused by storms and other such, equitable relief set for in the petition, including, but not limited to:

   a. A Declaration and/or Judgment by this Court that the subject policy provides full insurance coverage for the damages caused by storms to plaintiff's insured properties;

   b. Damages against Defendants, including attorney's fees, court costs and any other damages incurred by plaintiff as a result of the bad faith and statutory violations of Defendants;

   c. Court costs, expenses, and judicial interest; and

   d. Any and all other equitable relief deemed appropriate by the Court.

## IX. JURY DEMAND

Plaintiff respectfully prays for a trial by jury of all claims.

WHEREFORE, Plaintiff, TOMMY'S PROPERTIES, LLC, respectfully prays after due proceedings be had that there be a judgment entered in its favor and against Defendants awarding damages, prejudgment interest, post judgment interest, attorney's fees and costs, punitive and/or exemplary damages as may be allowed by law and for further relief as equity and justice require.

Respectfully submitted,

By: /s/ W.A. (Brad) Bradley
W.A. (BRAD) BRADLEY
State Bar No. 02831500
Email: bbradley@bradleyluce.com
STEPHEN (BUDDY) LUCE
State Bar No. 12665500
buddyluce@gmail.com

BRADLEY LUCE BRADLEY, LLP
1256 Main Street, Suite 244
Southlake, Texas 76092
Tel: (817) 488.8048
Fax: (817) 481.5230

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing will be forwarded to Defendants' counsel of record via the Court's electronic filing system on the 28th day of July, 2015, in accordance with the Federal Rules of Civil Procedure.

ATTORNEYS FOR DEFENDENTS

MARK D. TILLMAN
State Bar No. 00794742
COLIN BATCHELOR
State Bar No. 24043545
MICHAEL C. DIKSA
State Bar No. 24012531

TILLMAN BATCHELOR
1320 Greenway Drive, Suite 830
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
E-mail: mark.tillman@tb-llp.com
E-mail: colin.batchelor@tb-llp.com
E-mail: mike.diksa@tb-llp.com

By: /s/ Stephen (Buddy) Luce
STEPHEN (BUDDY) LUCE